**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**STATE OF FLORIDA,**

   **Plaintiff,**

**v.**               **Case No.  8:07-mc-112-T-23TBM**

**DERRICK D. GILBERT,**

   **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

THIS MATTER is before the court on *pro se* Defendant Derrick D. Gilbert's Affidavit of Indigency (Doc. 2), which the court construes as a motion to proceed *in forma pauperis*. Defendant commenced this action in federal court by filing a one-paragraph Petition for Advisory Opinion of Federal Law ("Petition") (Doc. 1).  Attachments to the Petition indicate that the underlying action is the state criminal prosecution of Defendant on charges based on allegations that Mr. Gilbert attempted to shoot his girlfriend with a firearm on March 27, 2007. *See id.*, attachs.  The Petition appears to request that this court give an advisory opinion on a motion to suppress filed by Defendant in his state court proceedings.

Article III, Section 2, of the United States Constitution confers upon the federal courts the power to hear only "Cases" and "Controversies."  The Supreme Court has construed this constitutional provision "to mean cases and controversies of the sort traditionally amenable to, and resolved by, the judicial process." *Steel Co. v. Citizens for a Better Environment* , 523 U.S. 83, 102 (1998) (citing *Muskrat v. United States*, 219 U.S. 346, 356-357 (1911)).  "[N]o justiciable 'controversy' exists when parties . . . ask for an advisory opinion." *Massachusetts v. E.P.A.*, 127 S. Ct. 1438, 1452 (2007) (citing *Hayburn's Case,* 2 Dall. 409, 1 L. Ed. 436 (1792)).

Here, Defendant's Petition asks only for an advisory opinion from this court as to the appropriate ruling on his motion to suppress filed in his state court prosecution. He makes no jurisdictional or factual allegations, and he requests no other relief from the court. As such, the Petition raises no case or controversy for adjudication and should be dismissed for lack of subject matter jurisdiction.[1]

Accordingly, I recommend that the court DISMISS this action with prejudice and direct the Clerk to terminate any pending motions and to close the file.

Respectfully submitted on this
7th day of January 2008.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE


**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; see also Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
United States District Judge
*Pro se* Plaintiff

---

[1]Alternatively, the court should dismiss this action under 28 U.S.C. § 1915 for frivolity or failure to state a claim.